EMERY and another *v.* CAVANAGH.

*(Circuit Court, S. D. New York.   June 4, 1883.)*

PATENTS FOR INVENTIONS—PUBLIC USE.
    Public use of an invention, unless by the patentee himself, for profit, or by his consent or allowance, will not work a forfeiture of his title, as forfeiture is not favored unless it clearly appears that the use was solely for profit, and not with a view of further improvements or of ascertaining its defects, or for any other purpose of experiment in reducing the invention to practice.

In Equity.
*Wm. A. Macleod* and *George Harding,* for plaintiff.
*Wm. S. Lewis* and *Lucien Birdseye,* for defendant.

SHIPMAN, J.   This is a bill in equity to restrain the alleged infringement of letters patent, granted February 10, 1874, to N. J. Simonds and E. R. Emery, for improved machinery for moulding heel-stiffenings for boots and shoes.   The plaintiffs are the owners of the patent, and John R. Moffitt is one of their licensees.   The defendant was licensed by Mr. Moffitt to use two machines made in accordance with his patent of June 20, 1876.   This license was revoked on August 7, 1878, but the defendant continued to use the machines.   The alleged infringement in this suit consists in the use by the defendant, since the revocation of his license, in the two Moffitt machines, of the devices claimed in the first and fourth claims of the Simonds and Emery patent.   The infringement of the Moffitt patent is the subject of another action, which was tried at the same time with the present suit.   The claims of the Simonds patent, which are said to have been infringed, are as follows:

"(1) The combination of the divided mould, *i, i,* and form, *n,* substantially as described and shown. (4) In combination with mould, *i, i,* the cams, *a', a',* substantially as described and shown."

The testimony left no doubt in my mind that the devices named in these two claims were present in the Moffitt machines, and that the Simonds and Emery patent was valid. The defendant's attack upon the novelty of the invention, and upon the existence in the Moffitt machines of those portions of the invention which were claimed in the first and fourth claims, was neither vigorous nor successful. He however insisted with earnestness that the invention had, with the consent of the inventor, been in public use more than two years before June 30, 1873, the date of the application for a patent.

The patentees filed a caveat, dated December 9, 1870, setting forth their invention as it was then conceived. On December 20, 1871, the caveat was renewed. Between the fall of 1870 and the expiration of the renewed caveat the patentees were constantly experimenting, at great expense, upon the machine as finally perfected, and upon machines which should accomplish the same result by different kinds of moulds, but finally came back to the device described in the caveat, a marked feature of which was a divided mould. During this period they used the machine in the condition in which it was from time to time, incidentally for profit, but the witness, whose testimony is hereafter referred to, says: "It was his (Simonds') idea to keep the machine as much from view as possible, and be courteous to visitors."

Mr. Stackpole, a witness called by the defendant, was a machinist in Simonds' employ for five years, commencing about the beginning of 1870, and worked upon this machine. "He saw four years of experimenting on the machine." These experiments finally resulted in the adoption of substantially the original model of 1870, but, meantime, the machine had been changed in the auxiliary parts. Meanwhile it made counters freely, which were sold, but no machines were made which were sold, or were used by others, or were licensed, and the machine could only be tested by the making of counters upon it. Until about the time of the expiration of the renewed caveat, the invention had not reached a position of perfection or of completion where the inventors thought that it was fit, or where it probably was fit, to be patented. "Public use of an invention, unless by the patentee himself, for profit, or by his consent or allowance, will not work a forfeiture of his title, as such forfeiture is not favored unless it clearly appears that the use was solely for profit, and not with a view of further improvements, or of ascertaining its defects, or for any other purpose of experiment in reducing the invention to practice." *Jones* v. *Sewall,* 3 Cliff. 563; *Pitts* v. *Hall,* 2 Blatchf. C. C. 229; *Elizabeth* v. *Pavement Co.* 97 U. S. 126.

Let there be a decree for injunction and an accounting.